UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TERRENCEJAMAL FITCH,
*as managing trustee of the Fitch Family Private Trust,*

Plaintiff,

Case No. 26-cv-1431-pp

v.

FRANK BOUCHER CHEVROLET, INC.,

Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO MAINTAIN EQUITABLE PRESENTMENT UNDER SEAL (DKT. NO. 2) AND DIRECTING CLERK TO UNSEAL CASE, SCREENING COMPLAINT/BILL IN EQUITY AND DISMISSING CASE**

---

In the last three months, plaintiff TerrenceJamal Fitch has filed three cases—or as he titles them, "bills in equity"—under seal. Fitch v. Lacroix, *et. al.*, Case No. 26-cv-856 (E.D. Wis.); Fitch v. Unknown, Case No. 26-cv-876 (E.D. Wis.); Fitch v. Frank Boucher Chevrolet, Inc., Case No. 26-cv-1431 (E.D. Wis.). Most recently, representing himself, he filed the instant complaint/bill in equity against Frank Boucher Chevrolet, Inc. Dkt. No. 1. He has filed a "Request to Maintain Equitable Presentment Under Seal," dkt. no. 2; a "Memorandum in Support of Bill in Equity," dkt. no. 3; a "Notice of Tender for Specific Purpose Accompanying Bill in Equity," dkt. no. 4; and a "Notice of Equitable Posture and Request for In Camera Consideration," dkt. no. 5. He has paid the filing fee. Because the plaintiff cannot represent the Fitch Family

Private Trust and because the court lacks subject-matter jurisdiction, the court will dismiss the case.

## I. Plaintiff's Motion to Maintain Equitable Presentment Under Seal (Dkt. No. 2)

The plaintiff filed a "Request to Maintain Equitable Presentment Under Seal." Dkt. No. 2. He argues that the "presentment concerns a specifically identified res, private Trust instruments, tender materials, and supporting records submitted together for equitable examination, accounting, preservation, and such further relief as the Court may determine appropriate." Id. He asks the court to examine the documents and determine "what thereafter should be disclosed, restricted, or otherwise administered." Id. On the front of his complaint/bill in equity, the petitioner wrote "special private priority, in confidence."

General Local Rule 79 (E.D. Wis.) governs motions to seal or restrict documents. It states that a party seeking to restrict access to a document must accompany the document with a separate motion to restrict, which "must be publicly filed and must describe the general nature of the information withheld from the public record." General L.R. 79(d)(2). The rule states that "[t]o the extent possible, the movant should include with the public filing a version of the document or material that redacts only those portions of the document that are subject to the restriction/sealing request" and that the motion "must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record." General L.R. 79(d)(2), (3). The Local Rules mandate that "[a]bsent a sufficient factual basis demonstrating

good cause sufficient to seal the documents or materials, the motion must be denied." General L.R. 79(d)(3).

This court's Local Rules are consistent with the Seventh Circuit's position on generic motions to seal or restrict based on protective or confidentiality orders. Documents that "affect the disposition of federal litigation are presumptively open to public view." Goesel v. Boley Intern. (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013). A party can rebut that presumption in certain cases, such as where the party seeks "to conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym." Id. (citations omitted). But the party seeking to seal or restrict the documents must "analyze the applicable legal criteria or contend that any document contains a protectable trade secret or otherwise legitimately may be kept from public inspection despite its importance to the resolution of the litigation." Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002); see also Composite Marine Propellers, Inc. v. Van Der Woude, 962 F.2d 1263, 1266 (7th Cir. 1992) (a litigant must do more than just identify a kind of information and demand secrecy).

The plaintiff has not stated any reason why this case, or any of the documents in it, should be sealed. Nor has he complied with General L.R. 79(d). The court has reviewed the documents and finds no basis for restricting them from public view. The court will deny the motion to seal and direct the clerk to unseal the case and the documents the plaintiff has filed in it.

## II. Screening

"[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999); Rezny v. Wis. Dep't of Fin. Insts., Case No. 22-C-1285, 2022 WL 17551151 at *1 (E.D. Wis. Dec. 9, 2022). The court must decide whether the amended complaint raises claims that are legally "frivolous or malicious," that fail "to state a claim upon which relief may be granted" or that seek "monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

Courts must liberally construe complaints filed by a self-represented litigants and such complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But the court is "not charged with seeking out legal 'issues lurking within the confines' of the [self-represented] litigant's pleadings, and the court's duties certainly do 'not extend so far as to require the court to bring to the attention of the pro se litigant or to decide the unraised issues.'" Kiebala v. Boris, 928 F.3d 680, 684–85 (7th Cir. 2019) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1050 (7th Cir. 1982)).

Although courts liberally construe their filings, self-represented litigants must comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff need not plead every fact supporting [his] claims; [he] need only to give the defendant fair notice of the claims and

the grounds upon which they rest. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state viable claims against the defendant, the complaint must contain allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

### A. Complaint/Bill in Equity (Dkt. No. 1) and Additional Documents

TerrenceJamal Fitch, identifying himself as the managing trustee of the Fitch Family Private Trust, filed a "Bill in Equity" "concerning Frank Boucher Chevrolet, Inc., Seller and Person Alleged to Possess, Control, or Administer Matters Affecting the Identified Res." Dkt. No. 1 at 1. He identifies the "principal res" as

> [o]ne 2024 Chevrolet Corvette, VIN 1G1YF3D38R5603830, together with the Purchase Contract concerning that vehicle, the tender and instruments delivered in performance therefor, the records arising from the transaction, and such identifiable proceeds, substitutions, or derivative property as may properly be traced thereto.

Id. at 2.[1]

[1] The plaintiff attached to the complaint a Motor Vehicle Purchase Contract between Frank Boucher Chevrolet, Inc. in Racine, Wisconsin and Fitch Family Private Trust 224054 for the purchase of a gray 2024 Corvette at a cost of $162,004.12. Dkt. No. 1-3. The contract is dated November 7, 2025. Id. at 2. In the field for "Your Signature," someone has handwritten, "Accepted for value and retain for settlement and closure TerrenceJamal Fitch, Trustee Fitch Family Private Trust All rights reserved." Id.

The plaintiff says that he entered into a purchase contract for the Corvette and provided "repeated opportunity for corresponding performance and accounting." Id. at 2. The plaintiff believes that the subject matter of the complaint requires "equitable examination." Id. He says that he acted on behalf of a trust when negotiating and executing the transaction. Id. at 3. He explains that the trust was identified in the November 7, 2025 purchase contract. Id. According to the plaintiff, the dealership received the "Trust's subsequent tender and accompanying instruments and, at material times, possessed or controlled matters necessary to completion of the transaction, including the vehicle, title, transaction records, and information concerning the disposition of the tender." Id. He adds that the Trust "does not rely upon nomenclature alone to create a fiduciary or trust relation." Id. at 4.

The plaintiff says that the Trust transmitted the "tender and accompanying settlement instruments" on November 10, 2025. Id. at 5. He asserts that the dealership "retained control over matters material to completion notwithstanding the Trust's subsequent tender." Id. The plaintiff refers to the tender as "an Irrevocable Bank Obligation Instrument." Id. at 6. He says that the tender was retained and not returned. Id. Under the heading "Ultimate Matters Presented," the plaintiff writes:

> The controversy therefore requires determination of whether the Trust's tender and subsequent acts constituted performance sufficient to require corresponding performance under the Purchase Contract; what disposition was made of that tender; what equitable or beneficial interest, if any, arose in the identified vehicle or property properly traceable to the transaction; and what preservation, accounting, performance, restoration, or other equitable relief follows from the facts established.

Id. at 5. He asserts that the Trust remains "prepared to receive possession of the identified vehicle" and has not withdrawn the tender. Id. at 7.

The complaint contains a timeline, a list of what the plaintiff believes are relevant dates. On December 13, 2025, the Trust transmitted a Notice of Expectation of Performance concerning the transaction. Id. at 8. On December 27, 2025, the Trust transmitted "a Notice of Non-Response." Id. On January 23, 2026, the Trust issued a "Final Opportunity to Cure." Id. On February 3, 2026, the Trust caused a "Certificate of Dishonor and Non-Performance to be issued." Id. Allegedly to preserve its interest in the "res," on April 18, 2026 the Trust filed a financing statement describing the interest. Id. at 9. On June 18, 2026, the Trust "entered upon its records a Private Trust Declaration and Indenture Concerning Identified Trust Res." Id.

The plaintiff alleges that the Trust does not know whether the property remains unchanged or has been transferred, converted or substituted. Id. at 11. He seeks a complete accounting with the following information:

1. the present location, possession, custody, and condition of the identified vehicle;
2. the present state and history of title;
3. whether the vehicle has been sold, transferred, pledged, encumbered, substituted or otherwise disposed of;
4. the receipt, treatment, disposition and present status of the tender and accompanying instruments;
5. whether any proceeds, credits, substitutions, replacements or derivative property arose from the vehicle, tender or transaction; and
6. the identity of any person or entity presently possessing, controlling, administering, or claiming an interest in the vehicle or property properly traceable thereto.

Id. at 12-13.

Acting on behalf of the Trust, the plaintiff seeks specific performance and asks the court to direct the dealership to deliver possession of the vehicle to the Trust. Id. at 18. He also says that the Trust asks that the property be placed in a constructive trust. Id. at 19. The plaintiff emphasizes that the Trust seeks more than money; it wants an accounting, preservation and equity. Id. at 21-24.

The plaintiff did not file the court's civil cover sheet (AO Form JS-44) as required by Civil L.R. 3(a). Instead, he filed a "Cover Sheet for Equitable Presentment" that lists the documents he filed. Dkt. No. 1-1. He attached a motor vehicle purchase contract that lists Frank Boucher Chevrolet, Inc., 8600 Washington Ave., Racine, WI 53406, as the dealer and "Fitch Family Private Trust" as the prospective purchaser of a 2024 Chevrolet Corvette. Dkt. No. 1-3 at 1. The contract states that $162,004.12 is due on delivery or the balance to finance. Id. at 2.

Along with the complaint/bill in equity, the plaintiff filed a "Memorandum in Support of Bill in Equity" reasserting the same allegations that appear in the complaint. Dkt. No. 3. The plaintiff also filed a "Notice of Tender for Specific Purpose Accompanying Bill in Equity," in which he states that "[t]he accompanying tender is presented contemporaneously with the Bill in Equity" to satisfy the filing fee. Dkt. No. 4 at 1. The plaintiff authorizes the clerk to perform ministerial acts with respect to the tender and clarifies that the tender "is ancillary to the Bill." Id. at 2

Finally, the plaintiff filed a "Notice of Equitable Posture and Request for In Camera Consideration," in which he requests that "the Court receive this presentment according to its equitable substance; receive appropriate private supporting materials in camera and under seal; preserve the defined res; require such accounting and disclosure as may be warranted; determine the respective equitable interests; and retain the matter sufficiently to administer complete and effectual relief." Dkt. No. 5 at 3.

B. Discussion

Liberally construing the plaintiff's allegations, as the court must at this stage, the court perceives that the plaintiff—acting on behalf of a trust—tendered something to an auto dealership to purchase a Corvette but never received the Corvette. The plaintiff would like an accounting and the Corvette. There are several problems with this complaint/bill in equity that require dismissal at the screening stage.

First, the trust cannot appear on its own behalf and cannot be represented in federal court by a non-lawyer. In re IFC Credit Corp., 663 F.3d 315, 318 (7th Cir. 2011). There is nothing in the filings to suggest that the plaintiff is an attorney. The Wisconsin Bar Association's web site lists no attorney named TerranceJamal Fitch.

Next, the plaintiff's allegations do not support the exercise of federal subject-matter jurisdiction. Federal courts are courts of limited jurisdiction, not general jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is

more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal Constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. Federal courts cannot consider and decide lawsuits alleging violations of state law unless the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000), or unless the state-law claims relate to a federal claim. "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

The plaintiff did not include a jurisdictional statement in his complaint/bill in equity, but he used a Racine, Wisconsin address. The plaintiff has nine closed civil cases in this district (many dismissed for lack of subject-matter jurisdiction), one closed miscellaneous case and three pending cases, and he has sent or delivered correspondence directly to the undersigned's chambers over the past year.[2] The plaintiff always uses an address for an apartment located in Racine, Wisconsin or a Racine, Wisconsin post office box. The defendant is a car dealership located in Racine, and the Wisconsin

---

[2] Fitch v. Paulson *et al.*, Case No. 25-cv-1486-LA (E.D. Wis.); Fitch v. Kaul, Case No. 24-cv-1134-LA (E.D. Wis.); Fitch v. Monahan, Case No. 21-cv-358-LA (E.D. Wis.); Fitch v. Educators Credit Union, Case No. 25-cv-416-LA (E.D. Wis.); Fitch v. Puetz, *et al.*, Case No. 23-cv-1448-LA (E.D. Wis.); Fitch v. State of Wisconsin, Case No. 23-cv-252-LA (E.D. Wis.); Fitch v. Lacroix, Case No. 23-cv-82-LA (E.D. Wis.); Fitch v. McAdams, *et al.*, Case No. 22-cv-523-LA (E.D. Wis.); and Fitch v. TransUnion, Case No. 22-cv-514-PP (E.D. Wis.); Preservation of Equitable Documentary Record Concerning and Identifiable Res, Case No. 26-mc-33-JPS.

Department of Financial Institutions shows that Frank Boucher Chevrolet, Inc. is a Wisconsin corporation with its principle office in Racine. https://apps.dfi.wi.gov/apps/corpSearch/Details.aspx?entityID=B031713&hash=557933495&searchFunctionID=928b6e41-0646-4e74-99f5-bfff7d3e953c&type=Simple&q=Frank+Boucher. That means that there is no diversity between the parties.

Nor has the plaintiff identified a federal question that would confer jurisdiction. He claims that the Trust entered into a purchase agreement and he provided a copy of a purchase agreement for a Corvette. The agreement lists the Trust as the buyer. It's not clear what the plaintiff means when he says that the Trust "furnished the tender." Dkt. No. 1. But if the plaintiff is alleging a breach of contract, that is a state law claim, not a federal law claim. Jones v. Association of Flight Attendants-CWA, 778 F.3d 571, 573 (7th Cir. 2015).

Because there is no diversity and no federal question, this court does not have subject-matter jurisdiction over the plaintiff's claims. Even if it did, as a non-lawyer, the plaintiff cannot represent the trust in federal court.

Although the Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving the plaintiff a chance to amend the complaint, Felton v. City of Chicago, 827 F.3d 632, 636 (7th Cir. 2016), the court will dismiss this case because any amendment would be futile on the facts alleged. See Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile").

## III. Conclusion

The court **DENIES** the plaintiff's motion to maintain equitable presentment under seal. Dkt. No. 2. The court **DIRECTS** the clerk to unseal this case.

The court **DISMISSES** this case for lack of subject-matter jurisdiction. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 28th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**